Michael P. Manning
RITCHIE MANNING KAUTZ PLLC
175 North 27th Street, Suite 1206
Billings, Montana  59101
Telephone: (406) 601-1400
Facsimile: (406) 545-0412
mmanning@rmkfirm.com

*Attorneys for JMA Ventures, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| JMA VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOMPO INTERNATIONAL HOLDINGS, LTD.; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; ENDURANCE ASSURANCE CORPORATION; and MEGHAN ZINNE, as Personal Representative of the Estate of Jeffrey Zinne,<br><br>Defendants. | Cause No. __**CV-26-25-BLG-TJC**__<br><br>Judge: _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND BAD FAITH** |

Plaintiff JMA Ventures, LLC, by and through counsel, states and alleges the following for its Complaint against Defendants Sompo International Holdings, Ltd., Endurance American Specialty Insurance Company, Endurance Assurance Corporation, and Meghan Zinne, as Personal Representative of the Estate of Jeffrey Zinne:

## NATURE OF THE ACTION

1. This is an action seeking declaratory judgment regarding JMA Ventures' entitlement to insurance coverage under two policies it purchased from operating subsidiaries of Defendant Sompo International Holdings, Ltd. (Sompo International) for a claim asserted by Defendant Meghan Zinne arising out of the death of her husband, a Montana resident, at a Montana ski area.

2. JMA Ventures seeks a declaration that Sompo International and its operating subsidiaries owe a duty to defend and indemnify JMA Ventures given the language of the policies at issue and the facts of Meghan Zinne's underlying claim.

3. JMA Ventures also asserts that Sompo International and its operating subsidiaries violated Montana's Unfair Trade Practices Act, §§ 33-18-201, MCA, by misrepresenting pertinent facts and insurance

1

policy provisions related to the coverages at issue and refusing to pay claims without conducting a reasonable investigation.

## PARTIES, JURISIDICTION AND VENUE

4.    Plaintiff JMA Ventures, LLC is a California limited liability company with its principal place of business in San Francisco, California.  The sole member of JMA Ventures, LLC is Todd Chapman, a resident of California.

5.    Upon information and belief, Defendant Sompo International Holdings, Ltd. (Sompo International) is an entity incorporated in Bermuda, with its principal place of business in Bermuda.  Through its operating subsidiaries, Sompo International writes lines of insurance, including the insurance policies at issue here.

6.    Defendant Endurance American Specialty Insurance Company (EASIC) is a Delaware corporation with its principal place of business in Purchase, New York.  Upon information and belief, EASIC is an operating subsidiary of Sompo International.

7.    Defendant Endurance Assurance Corporation (EAC) is a Delaware corporation with its principal place of business in Purchase,

2

New York.  Upon information and belief, EAC is an operating subsidiary of Sompo International.

8.      Defendant Meghan Zinne is a resident of Yellowstone County, Montana, and is the personal representative of the Estate of Jeffrey Zinne.  Ms. Zinne is named as a party because she has a claim or interest which would be affected by a declaration as to coverage under the insurance policies described below.  *See* Mont. Code Ann. § 27-8-301.

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and (b) because it is between citizens of different States (and, in the case of Sompo International, a foreign state) and the amount in controversy exceeds $75,000.

10.    Pursuant to Mont. Code Ann. §§ 25-2-117 and 25-2-118(1), venue in Yellowstone County would be proper if this case were filed in state court.  Venue would also be proper in Carbon County under Mont. Code Ann. §§ 25-2-121(1)(b)(ii) and 25-2-122(1)(b).  Accordingly, venue is proper in the Billings Division under Local Rule 1.2(c)(1).

## MEGHAN ZINNE'S UNDERLYING CLAIM

11.    On March 10, 2025, Meghan Zinne's husband, Jeffrey, was a single rider on the Triple Chair ski lift at Red Lodge Mountain Resort, a ski area in Carbon County, Montana.

12.    Ms. Zinne has asserted a claim against JMA Ventures and other potentially liable parties alleging that while Jeffrey was on the Triple Chair lift, the lift was struck by a high gust of wind, causing the haul rope to derail and the tower sheave assembly to fail and collapse. Ms. Zinne further alleges that broken lift equipment then struck Jeffrey in the head, causing his death two days later.

13.    Ms. Zinne has alleged that JMA Ventures oversees operations and chair lift replacements at Red Lodge Mountain Resort and acted negligently on March 10, 2025.  Although she has not yet filed suit, she has provided notice that her claims against JMA Ventures include ordinary negligence, operational negligence, and director and officer liability, all stemming from allegations that JMA Ventures allowed continued operations of the Triple Chair lift despite known mechanical vulnerabilities, known risks from high winds on the day in question, and other related operational decisions and policies.

## THE EASIC POLICY

14.    EASIC issued policy number MGR30002374101 to JMA Ventures for the policy period March 1, 2025 to March 1, 2026 (the EASIC Policy).  Subject to its terms and conditions, the EASIC Policy provides Commercial General Liability (CGL) coverage subject to limits of $1 million per occurrence and a $10 million general aggregate.

15.    The cover page of the EASIC Policy prominently indicates that it is a Sompo International CGL policy and lists the "Issuing Office" as an address in Los Angeles, California belonging to Sompo International, along with a reference to Sompo International's website.

16.    The EASIC Policy provides, in relevant part:

**SECTION I - COVERAGES**

**Coverage A - Bodily Injury and Property Damage Liability**

1.    **Insuring Agreement**

    a.    We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the Insured against any "suit" seeking those damages.  However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

        \* \* \*

    b.    This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

        (1)    The "bodily injury" or "property damage":

            (a)    Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

            (b)    Arises out of the project or operation shown in the Schedule;

        (2)    The "bodily injury" or "property damage" occurs during the policy period . . .

17.    The EASIC Policy defines "bodily injury" as "bodily injury, disability, mental anguish, mental injury, shock, fright, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time."

18.    The EASIC Policy defines the "coverage territory" to include, "The United States of America (including its territories and possessions), Puerto Rico and Canada."

19.    The EASIC Policy includes an endorsement titled "Limitation of Coverage to Designated Premises, Projects or Operation" (the Limitation of Coverage Endorsement).  The Limitation of Coverage Endorsement limits coverage under the EASIC Policy's CGL coverage part to "bodily injury" which "[o]ccurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises" or which "arises out of the project or operation shown in the Schedule."

20.    The Schedule contained in the Limitation of Coverage Endorsement includes two categories of information to be filled in: "Premises" and "Project or Operation."

21.    EASIC left both categories blank in the Schedule.

22.    The Limitation of Coverage Endorsement further provides, "Information required to complete this Schedule, if not shown above, will be shown in the Declarations."

23.    The Declarations of the EASIC Policy do not contain any reference to the Schedule or the Limitation of Coverage Endorsement. The Declarations merely include the following ambiguous language, with no further explanation or cross-reference notwithstanding that other parts of the Declarations expressly describe limitations of coverage:

| ALL PREMISES YOU OWN, RENT OR OCCUPY | |
| --- | --- |
| LOCATION NUMBER | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
| | All Classifications or Locations Owned, Rented, or Occupied by any Named Insured. |

## THE EAC POLICY

24.    EAC issued policy number MUR30004233301 to JMA Ventures for the policy period March 1, 2025 to March 1, 2026 (the EAC Policy).  Subject to its terms and conditions, the EAC Policy provides commercial umbrella liability coverage subject to $10 million each occurrence and general aggregate limits.

25.    The cover page of the EAC Policy prominently indicates that it is a Sompo International policy and lists the "Issuing Office" as an

7

address in Los Angeles, California belonging to Sompo International,

along with a reference to Sompo International's website.

26.    The EAC Policy provides, in relevant part:

**SECTION I - COVERAGE**

    **A.**    **Insuring Agreement**

        **1.**    We will pay on behalf of the insured those sums in excess of the "retained limit" that the insured:

            **a.**    becomes legally obligated to pay as damages, or assumes under an "insured contract", because of "bodily injury" or "property damage" that takes place during the policy period and is caused by an "occurrence" taking place in the "coverage territory" . . .

                \*   \*   \*

With respect to any "underlying insurance" shown in the Schedule, this insurance applies only to "bodily injury", "property damage" or "personal and advertising injury" coverage that is provided under the "underlying insurance" shown in the Schedule. Coverage under this policy will follow the terms, definitions, conditions and exclusions of the "underlying insurance" shown in the Schedule, subject to the policy period. Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. The coverage provided by this policy will be no broader than the coverage provided by the "underlying insurance" shown in the Schedule.

27.    The EAC Policy defines "retained limit" as "the total of the

applicable limits of scheduled "underlying insurance," whether or not

such limits are collectible and the limits of any applicable "other

insurance" providing coverage to the insured."

28.    The Schedule of Underlying Policies in the EAC Policy lists

two policies potentially applicable to Zinne's underlying claim—the

EASIC Policy and a general liability policy issued by Travelers subject

to $1 million each occurrence and $2 million general aggregate limits.

29. JMA Ventures reasonably believes that the amount required to settle Meghan Zinne's underlying claim—or to pay a judgment should she file suit and prevail—will exceed the coverage available under the EASIC Policy and the Traveler's policy.

## THE COVERAGE DISPUTE AND BAD FAITH

30. JMA Ventures timely notified Sompo International, EASIC and EAC (collectively, the Insurer Defendants) of Meghan Zinne's claim on May 13, 2025.

31. Upon information and belief, the Insurer Defendants undertook no immediate investigation. On June 3, 2025, a third-party adjuster for the Insurer Defendants denied coverage because "Red Lodge Mountain is not a covered location under Sompo's policy MGR30002374101," and subsequently closed its file.

32. Indeed, even after learning that the relevant parties had mutually agreed to participate in a pre-litigation mediation of the claim, the Insurer Defendants still did not substantively engage with JMA Ventures about Ms. Zinne's claim. Instead, upon learning of the mediation, the Insurer Defendants reiterated that they had determined coverage was not available and that their file was closed.

9

33. On March 5, 2026, just five days before the scheduled mediation, Sompo International—on behalf of EASIC and EAC—sent JMA Ventures a reservation of rights letter agreeing to defend JMA Ventures from Ms. Zinne's claim, but denying that coverage existed under the EASIC and EAC Policies and reserving all rights with respect to its duties to defend and indemnify JMA Ventures.

34. On March 10, 2026, JMA Ventures attended a pre-litigation mediation with Ms. Zinne and other parties Ms. Zinne has alleged bear responsibility for her claim.

35. The Insurer Defendants attended the mediation with a California coverage attorney to discuss coverage issues and whether Montana or California law would govern interpretation of the Policies in any coverage dispute given the absence of a choice of law provision in the Policies. The Insurer Defendants did not provide their representative with any amount of settlement authority.

36. The Insurer Defendants insisted that the Coverage Limitation Endorsement would preclude coverage, based on their representation that the schedule in that endorsement limited coverage to premises that JMA Ventures owns, rents, or occupies.

10

37.    In support of that argument, an Assistant Vice President at Sompo International sent an e-mail to JMA Ventures' counsel during the mediation.  The e-mail's subject line was "Scheduled Locations re: JMA Ventures" and attached an Excel spreadsheet titled, "25-26 Statement of Values – JMA Ventures – Property 03.01.2025," listing various properties associated with JMA Ventures and the properties' values.

38.    The Excel spreadsheet is not incorporated by reference or otherwise into the EASIC Policy.  Nor is the Excel spreadsheet referenced in the Limitation of Coverage Endorsement or the EASIC Policy's Declarations.

39.    The Insurer Defendants either were not aware or did not consider that an employee of JMA Ventures was physically on site at Red Lodge Mountain on March 10, 2025.

40.    Either during the March 10, 2026 mediation or immediately thereafter, EASIC and EAC filed a declaratory judgment action against JMA Ventures in the United States District Court for the Northern District of California, Case No. 3:26-cv-02074 (the California Action) despite knowing that JMA Ventures is seeking coverage for a Montana-

11

based claim involving the death of a Montana resident at a Montana ski resort, which is premised in large part on allegations that JMA Ventures committed negligence in Montana.

41.    EASIC and EAS's bad faith initiating the California Action is further illustrated by their failure to join Ms. Zinne even though California law provides that she is an indispensable party given that EASIC and EAC "seek [a] type of affirmative relief which, if granted, would injure or affect" Ms. Zinne's interests.  *See Save Our Bay, Inc. v. San Diego Unified Port Dist.*, 42 Cal. App. 4th 686, 692 (Cal. Ct. App. 1996) (quoting reference omitted).

42.    To date, none of the Insurer Defendants have provided notice to their insured, JMA Ventures, that EASIC and EAC filed the California Action.

## COUNT ONE – DECLARATORY JUDGMENT
### (All Defendants)

43.    JMA Ventures incorporates the allegations in all the preceding paragraphs as if they were fully set forth herein.

44.    There is a current dispute between JMA Ventures and the Insurer Defendants regarding their respective rights and duties under the EASIC Policy and the EAC Policy.

12

45.    Given the language of the EASIC and EAC Policies, the allegations in Ms. Zinne's underlying claim, and the relevant facts, JMA Ventures is entitled to declaratory relief under Mont. Code Ann. § 27-8-202 as to the following:

a.    The EASIC Policy provides coverage for the claims asserted against JMA Ventures by Ms. Zinne;

b.    The EAC Policy provides coverage for the claims asserted by JMA Ventures by Ms. Zinne;

c.    The Insurer Defendants have a duty to defend JMA Ventures for the claims asserted against JMA Ventures by Ms. Zinne;

d.    The Insurer Defendants have a duty to indemnify JMA Ventures for any damages which may be awarded against JMA Ventures for Ms. Zinne's claims;

e.    JMA Ventures is entitled to its attorneys' fees and costs because the Insurer Defendants forced JMA Ventures to assume the burden of this legal action to obtain the full benefit of the EASIC and EAC Policies.

## COUNT TWO – VIOLATION OF MONTANA'S UNFAIR TRADE PRACTICES ACT
### (Insurer Defendants)

46. JMA Ventures incorporates the allegations in all the preceding paragraphs as if they were set forth fully herein.

47. Under Mont. Code Ann. § 33-18-242(1), an insured has an independent cause of action against an insurer for actual damages caused by the insurer's violation of Mont. Code Ann. §§ 33-18-201(1) and (4).

48. Montana Code Annotated section 33-18-201(1) precludes insurers from misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.

49. The Insurer Defendants violated Mont. Code Ann. § 33-18-201(1) by, among other things, misrepresenting that the EASIC Policy's CGL coverage part applies only to premises owned, rented or occupied by JMA Ventures based on an Excel spreadsheet not incorporated into the EASIC Policy. The Insurer Defendants also misrepresented the applicability of the Limitation of Coverage Endorsement given the utter lack of reference in the EASIC Policy's Declarations to that endorsement or the schedule contained in the endorsement.

14

50.    Montana Code Annotated section 33-18-201(4) precludes insurers from refusing to pay claims without conducting a reasonable investigation based on all available information.

51.    The Insurer Defendants violated Mont. Code Ann. § 33-18-201(4) by taking no action for approximately one year after being notified of Ms. Zinne's claim against JMA Ventures and subsequently attending the mediation with no settlement authority.  Specifically, the Insurer Defendants refused to consider funding a settlement of any kind despite JMA Ventures' desire to resolve Ms. Zinne's claims and notwithstanding that the Insurer Defendants had not conducted a reasonable investigation and were unaware of basic, pertinent facts such as the physical presence of a JMA Ventures employee at Red Lodge Mountain on March 10, 2025.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff JMA Enterprises respectfully seeks the following relief:

A.    For declaratory judgment as requested above, ordering that the Insurer Defendants have a duty to defend and indemnify JMA Ventures under the EASIC Policy and EAC Policy;

15

B.      For judgment against the Insurer Defendants for their violation of Montana's Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201, *et seq.*;

C.      For all recoverable damages;

D.      For JMA Ventures' attorneys' fees and costs;

E.      For such other and further relief this Court deems just and proper.

Dated:  March 13, 2026

Respectfully submitted,


*/s/ Michael P. Manning*
Michael P. Manning
RITCHIE MANNING KAUTZ PLLC

*Attorneys for JMA Ventures, LLC*

16