IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JMA VENTURES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SOMPO INTERNATIONAL HOLDINGS LTD. et al.<br><br>Defendants. | CV 26-25-BLG-KSL<br><br>MEMORANDUM OPINION AND ORDER |

Before the Court is Defendants' Motion to Dismiss, Transfer, or Stay. (Doc. 9). Defendants Sompo International Holdings Ltd., Endurance American Specialty Insurance Company, and Endurance Assurance Corporation argue that this Court should dismiss, transfer, or stay this case, pursuant to the first-to-file rule. (Doc. 10 at 10). Plaintiff JMA Ventures, LLC, filed a response opposing the motion. (Doc. 17). Sompo and Endurance filed a reply. (Doc. 20). Defendant Zinne has not appeared, and no proof of service has been filed. Sompo and Endurance have appeared by filing the present motion. Because Endurance filed first in the Northern District of California, the parties are substantially similar, and the issues are substantially similar; and because no equitable exception justifies departing from the first-to-file rule, the Court concludes that the first-to-file rule applies and that this action should

be stayed pending resolution of both the motion to dismiss and motion to transfer in the Northern District of California.

## I. Background

This lawsuit concerns an insurance coverage dispute arising out of a fatal ski accident at Red Lodge Mountain Resort in Montana. JMA Ventures, LLC is a commercial real estate and development firm with its principal place of business in San Francisco. (Docs. 1 ¶4; 17-1 ¶2). At issue in this case are two insurance policies purchased by JMA Ventures for the period of March 1, 2025, to March 1, 2026: one from Endurance American Specialty Insurance Company and one from Endurance Assurance Corporation (collectively, "Endurance"). (Docs. 1 ¶¶14, 24; 10-3; 10-4). Both Endurance American Specialty Insurance Company and Endurance Assurance Corporation are subsidiaries of Sompo International Holdings Ltd., which, according to JMA Ventures, writes lines of insurance, including the insurance policies at issue in this case. (Doc. 1 ¶¶5-7).

On March 12, 2025, Meghan Zinne's husband, Jeffrey Zinne, passed away from injuries he sustained in an accident that occurred at Red Lodge Mountain Resort in Carbon County, Montana, two days earlier. (Doc. 1 ¶¶11-12). Zinne asserted claims against JMA Ventures but never filed a lawsuit. (*Id.* ¶13; Doc. 20 at 16). Prior to the mediation described below, Zinne's counsel sent a draft complaint to JMA Ventures, which JMA Ventures shared with Endurance, indicating that she would sue

in Montana state court if the claim was not resolved. (Docs. 17-1 ¶20; 17-5). A second draft complaint followed on April 1, 2026. (Docs. 17-1 ¶20; 17-6). The parties refer to these never-filed draft complaints as the "Zinne claim" (Docs. 17-1 ¶11; 20 at 16), so the Court does as well.

On May 13, 2025, JMA Ventures's broker notified Endurance of the Zinne claim. (Docs. 1 ¶30; 10-1 ¶5). On June 3, 2025, Endurance denied coverage on the basis that Red Lodge Mountain was not a covered location under the Endurance American Specialty Insurance Company policy. (Docs. 1 ¶31; 17-2 at 2). On March 5, 2026, Endurance sent a letter to JMA Ventures, stating that it would defend JMA Ventures against the Zinne claim. (Docs. 1 ¶33; 10-1 ¶6; 17-3 at 2-3). Endurance appointed defense counsel for JMA Ventures for the claim and requested additional information to continue assessing its duties. (Doc. 17-3 at 3). Endurance's letter reserved all rights, including the rights to withdraw from the defense, to decline indemnity, to seek a judicial declaration of its obligations, and to seek reimbursement from JMA Ventures under California law. (*Id.* at 2-3).

On March 10, 2026, the parties and various insurers, including Endurance, attended a pre-litigation mediation in Montana. (Docs. 1 ¶34; 17-1 ¶16; 17 at 17). That same day, Endurance filed a complaint in the Northern District of California against JMA Ventures. (Doc. 10-6). That complaint seeks declaratory relief on whether JMA Ventures is entitled to indemnification from Endurance for the Zinne

claim. (*Id.* ¶1). The complaint alleges that Endurance has no obligation under two insurance policies issued to JMA Ventures to defend or indemnify JMA Ventures for the injuries Jeffrey Zinne allegedly sustained. (*Id.* ¶25).

On March 13, 2026, JMA Ventures filed a complaint in the District of Montana against Sompo International Holdings Ltd., Endurance, and Meghan Zinne, as Personal Representative of the Estate of Jeffrey Zinne. (Doc. 1). That complaint, which arises from the same underlying events that gave rise to the complaint filed by Endurance in the Northern District of California, alleges two counts: declaratory judgment against all Defendants, and violation of Montana's Unfair Trade Practices Act against Endurance and Sompo. (*Id.* ¶¶43-51).

On or about April 17, 2026, Zinne and JMA Ventures reached a settlement on the Zinne claim, with Endurance agreeing to fund a portion of the settlement on behalf of JMA Ventures. (Docs. 10-1 ¶¶7-8; 17-1 ¶19; 17-4 at 2). Endurance reserved its right to recoup its payment on the ground that the claim was not covered, notified JMA Ventures of Endurance's intent to accept the proposed settlement offer, and offered JMA Ventures the opportunity to withdraw its tender and assume its own defense if it did not want to settle. (Doc. 17-4 at 2). On April 29, 2026, Endurance filed an Amended Complaint in the California case, adding claims for reformation, rescission, and reimbursement. (Doc. 10-7). On May 12, 2026, Defendants Sompo and Endurance filed a motion to dismiss, transfer, or stay the case before this Court,

pursuant to the first-to-file rule. (Doc. 9). That same day, JMA Ventures filed a motion to transfer the California action to the District of Montana, as well as a motion to dismiss that action. (Doc. 17-1 ¶23); *Endurance Am. Specialty Ins. Co. v. JMA Ventures,* No. 4:26-cv-02074-YGR (N.D. Cal. filed Mar. 10, 2026), ECF Nos. 26 (motion to transfer), 27 (motion to dismiss).

## II. Legal Standard

The first-to-file rule is a generally recognized doctrine of federal comity that allows a district court to dismiss, transfer, or stay a case when a similar complaint has already been filed in another district. *See Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015). The first-to-file rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). The rule "is intended to 'serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Kohn*, 787 F.3d at 1239. The rule affords the second district the "discretion to transfer, stay, or dismiss the second case." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). One limit on the district court's discretion is that if the first-filed action presents a likelihood of dismissal, the second-filed

action should not be dismissed. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991).

In determining whether the first-to-file rule applies, courts consider three factors: (1) the chronology of the lawsuits; (2) the similarity of the parties; and (3) the similarity of the issues. *Kohn*, 787 F.3d at 1240. "A federal action is commenced by the filing of the complaint…It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity." *Pacesetter*, 678 F.2d at 97 n.3. The issues and parties need not be identical—the inquiry is whether there exists substantial overlap. *Kohn*, 787 F.3d at 1240. The first-to-file rule is not "a rigid or inflexible rule to be mechanically applied." *Pacesetter*, 678 F.2d at 95. The Ninth Circuit has recognized three exceptions to the rule: bad faith, anticipatory lawsuit, and forum shopping. *Alltrade,* 946 F.2d at 628. Underlying these exceptions is the principle that district courts can exercise discretion and "dispense with the first-filed principle for reasons of equity." *Id.*

## III. Analysis

The Court first considers whether the three threshold requirements of the first-to-file rule are met: chronology of the lawsuits, similarity of the parties, and similarity of the issues. The Court then considers the equitable exceptions to applying the rule: bad faith, anticipatory lawsuit, and forum shopping. Because the Court finds that all three factors for applying the first-to-file rule are satisfied, and that none of

the equitable exceptions apply, the Court applies the first-to-file rule here and stays the case pending resolution of JMA Ventures's motion to dismiss and motion to transfer in the Northern District of California.

**A. Chronology of the Lawsuits**

The first-to-file rule requires a chronology of the actions. *Kohn*, 787 F.3d at 1240. Here, Endurance filed suit in the Northern District of California three days before JMA Ventures filed its lawsuit in the District of Montana. (Docs. 1, 10-6). Endurance's later amendment of its California complaint does not alter that chronology, because an action is commenced by the filing of the original complaint. *See Pacesetter*, 678 F.2d at 97 n.3. JMA Ventures concedes Endurance filed first, but it argues this three-day difference is minimal such that this first "factor is of little importance." (Doc. 17 at 20). But the three factors are threshold requirements, not considerations to be weighed against each other. *See Alltrade*, 946 F.2d at 625.

Consistent with that principle, courts within the Ninth Circuit have applied the first-to-file rule when the time period between the actions was comparable, or even much shorter. For example, in *Pacesetter*, the Ninth Circuit affirmed the district court's application of the first-to-file rule with a difference in filing of three days. 678 F.2d at 94. This Court has found the chronology of the lawsuits factor satisfied when the first-filed suit was filed "only a few hours" before the second-filed suit. *Agri-systems v. W. Nat'l Assurance Co.*, No. CV-20-44-BLG-SPW-TJC, 2020 WL

6781685, at *3 (D. Mont. Nov. 18, 2020). In *Intuitive Surgical, Inc. v. California Institute of Technology*, the district court held that the first-to-file rule was "applicable and require[d] deference to the first-filed court, notwithstanding the near simultaneous nature of the filings." No. C07-0063-CW, 2007 WL 1150787, at *3 (N.D. Cal. Apr. 18, 2007). Similarly, the court in *Selection Management Systems, Inc. v. Torus Specialty Insurance Co.* found that the chronology factor was satisfied when the two actions were filed eight hours apart. No. 4:15-cv-05445-YGR, 2016 WL 304781, at *2 (N.D. Cal. Jan. 26, 2016). Three days is a far longer period than the hours-long gaps that courts within the Ninth Circuit have concluded are long enough to satisfy the chronology factor. To the extent JMA Ventures contends the timing of the lawsuit suggests an anticipatory suit, the Court addresses that concern below. *See infra* Part III.D.1. Because Endurance indisputably filed first, the Court finds that the chronology factor is satisfied. *Kohn*, 787 F.3d at 1240.

**B. Similarity of the Parties**

The Court must next determine whether the parties in both actions are substantially similar. Regarding this requirement, the first-to-file rule does not require exact identity of the parties. *Kohn*, 787 F.3d at 1240. The first-to-file rule merely requires that the parties are "substantially similar." *Id.* Indeed, in the Ninth Circuit, the presence or absence of additional parties does not automatically overcome substantial similarity. *See id.*; *Alltrade,* 946 F.2d at 624. In the action filed in California,

Endurance sued JMA Ventures. (Doc. 10-6). In the action filed three days later in Montana, JMA Ventures sued Sompo International Holdings Ltd., Endurance, and Meghan Zinne. (Doc. 1). JMA Ventures argues that the parties are not substantially similar because JMA Ventures has added two new parties to the Montana action. (Doc. 17 at 21-25). The Court first addresses the addition of Meghan Zinne. The Court then considers the addition of Sompo. The Court finds that despite JMA Ventures's naming these additional parties as defendants in the Montana action, the requirement that the parties be substantially similar is nonetheless satisfied.

**1. Meghan Zinne**

JMA Ventures argues that under both California and Montana law, Meghan Zinne is an indispensable party in a declaratory judgment action because a coverage ruling could injure her or affect her interests. (Doc. 17 at 21). JMA Ventures also asserts that Zinne would not be subject to personal jurisdiction in California even if Endurance had included her as a defendant. (*Id.* at 21-22). Endurance argues that Zinne can never pursue a wrongful death claim because she settled with JMA Ventures pre-suit, and that Zinne has no interest in this litigation. (Doc. 20 at 9-10).

The first-to-file rule does not mandate that every party that might have an interest in the underlying dispute be named in both actions. *See Kohn*, 787 F.3d at 1240; *see also Dang v. TEOCO Corp. Grp. Benefit Plan*, No. 21-55032, 2023 WL 5925890, at *2 (9th Cir. Sept. 12, 2023). If this Court were to hold otherwise, it

would allow JMA Ventures to "skirt the first-to-file rule" simply by adding new parties. *Kohn*, 787 F.3d at 1240. Here, JMA Ventures's addition of Zinne as a party does not defeat the substantial similarity of the parties because the core of the dispute in both actions is the parties' rights and obligations regarding the same two insurance policies and the same underlying events. The Court recognizes that Zinne, as the party whose underlying wrongful-death claim gave rise to the insurance dispute in the first place (Doc. 17-3 at 2), had an interest in the outcome of that dispute. But Zinne and JMA Ventures settled the Zinne claim pre-suit. (Doc. 17-4 at 2). Even if Zinne's interest was relevant at some point, it was extinguished by the pre-suit settlement. Moreover, Zinne is unlikely to be a required party to this action under Federal Rule of Civil Procedure 19(a)(1). Courts have treated a third-party claimant as not a required party to a coverage action between an insured and an insurer. *Cincinnati Ins. Co. v. Nw. Painting, Inc.*, No. CV 20-176-M-DLC, 2021 WL 3142163, at *6 (D. Mont. July 26, 2021) (denying insured's motion to join third-party to the action); *Royal Indem. Co. v. United Enters., Inc.*, 162 Cal. App. 4th 194, 212 (Cal. Ct. App. 2008), *as modified* (May 7, 2008) (the presence of a third-party claimant is not required in a coverage action between insurer and insured). Because Zinne does not appear to be a required party in California, whether or not she is subject to personal jurisdiction in California does not change the Court's analysis with respect to the similarity of the parties.

**2. Sompo International Holdings Ltd.**

JMA Ventures's addition of Sompo to the Montana action has no effect on the substantial overlap between the parties with respect to the main dispute regarding Endurance's rights and obligations under the two insurance policies arising from the same underlying events. JMA Ventures argues that personal jurisdiction concerns warrant treating Sompo as a party that is not substantially similar to Endurance. (Doc. 17 at 23). According to JMA Ventures, Sompo may well not be subject to personal jurisdiction in California and so JMA Ventures might not be able to obtain a remedy from Sompo in the California case. (*Id.* at 23-25). Endurance responds that Sompo is Endurance's Bermuda holding company and is not a proper defendant to JMA Ventures's claims under Montana law. (Doc. 20 at 11-12). Endurance also represents that although Sompo is not a proper party to this action and judicial economy would be better served by allowing the Northern District of California to resolve any joinder issue, Sompo will consent to jurisdiction in California should this case be dismissed under the first-to-file rule. (*Id.*)

District courts within the Ninth Circuit have routinely found that when there is a parent-subsidiary relationship between two parties, the parties are "substantially similar." *Optoma Tech., Inc. v. Maxwell, Ltd.*, No. 24-CV-08147-TLT, 2025 WL 1148286, at *2 (N.D. Cal. Mar. 14, 2025); *Renesas Elecs. Am. Inc. v. Monterey Rsch., LLC*, No. 24-CV-06223-JSC, 2024 WL 5077109, at *3 (N.D. Cal. Dec. 10, 2024);

*Chavez v. Abbott Lab'ys*, No. CV 23-7429-JFW, 2023 WL 12315036, at *4 n.2 (C.D. Cal. Dec. 7, 2023). Sompo is Endurance's parent company, so the two parties are substantially similar. Moreover, JMA Ventures's personal jurisdiction concerns with respect to Sompo are eliminated by Endurance's statement that Sompo will consent to personal jurisdiction in California if this Court grants Endurance's motion pursuant to the first-to-file rule. (Doc. 20 at 12). Because "[j]udicial economy…is better served by leaving the joinder issue to the determination of [the first-filed court]," this Court expresses no view on whether Sompo is a proper defendant in this case. *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011). Whether Sompo is a proper defendant in this case is a decision that belongs to the Northern District of California.

**C. Similarity of the Issues**

Finally, the Court must consider the similarity of the issues. "The issues in both cases also need not be identical, only substantially similar." *Kohn*, 787 F.3d at 1240. To determine whether the issues are substantially similar, courts "look at whether there is 'substantial overlap' between the two suits" (*id.* at 1240-41), which exists "when key issues overlap and the resolution of one case could affect the resolution of the other." *Krikorian v. Post Consumer Brands, LLC*, No. CV 25-2122-JFW, 2025 WL 2092825, at *4 (C.D. Cal. June 25, 2025).

Here, both actions involve Endurance's rights and duties regarding a claim that arose out of JMA Ventures's Montana ski resort operations and will require interpretation of the same two insurance policies. (Docs. 1 ¶¶11-42; 10-6 ¶¶8-21). Both complaints also include claims for declaratory judgment. (Docs. 1 ¶¶43-45; 10-6 ¶¶22-27). JMA Ventures argues, however, that because it has raised Unfair Trade Practices Act claims based on Endurance's alleged conduct in investigating, evaluating, and resolving the underlying events in this case, and because those claims are not currently pending in the California case, the first-to-file rule does not apply. (Docs. 1 ¶¶46-51; 17 at 25-26). Endurance responds that the lack of Unfair Trade Practices Act claims in the California case does not warrant refraining from applying the first-to-file rule. (Doc. 20 at 12-13). JMA Ventures further argues that its bad faith claim is distinct from each of Endurance's claims, while Endurance counters that the two insurance policies serve as the basis for all of the claims. (Docs. 17 at 26-27; 20 at 12-13). Lastly, JMA Ventures argues that Endurance's reformation and rescission claims cannot be asserted in California, which Endurance disputes. (Docs. 17 at 27-28; 20 at 13).

The issues in the Montana action are substantially similar to the issues in the California action. "The sameness inquiry focuses on the facts and issues raised in the actions, not on the specific claims pled." *Kennedy v. Full Tilt Poker*, No. CV 09-07964-MMM, 2012 WL 13071634, at *9 (C.D. Cal. Aug. 24, 2012). Aside from the

Unfair Trade Practices Act claims and the allegation that Endurance engaged in bad faith, the two cases are essentially identical. JMA Ventures alleges that Endurance misrepresented the scope of policy coverage as well as the applicability of the Limitation of Coverage Endorsement and failed to conduct a reasonable investigation. (Doc. 1 ¶¶49, 51). But a determination of which party's interpretation of the policies is correct, and whether Endurance had "a reasonable basis in law or in fact for contesting the claim," Mont. Code Ann. §33-18-242(6), turns on the same policy text, the same Statement of Values (*see* Doc. 10 at 25 n.3), and the same facts. A ruling that the policies do not cover the events giving rise to the Zinne claim would serve as the basis for Endurance's reasonable-basis defense under the Unfair Trade Practices Act; a ruling that the policies do cover these events would be central to JMA Ventures's ability to prove that Endurance lacked a reasonable basis. Moreover, JMA Ventures can litigate the Unfair Trade Practices Act claim in California, as the claim arose from Endurance's handling of the underlying events under the same policies and so appears to constitute a compulsory counterclaim. Fed. R. Civ. P. 13(a); *see also Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). The only real hurdle JMA Ventures points to is that it might not be able to pursue Unfair Trade Practices Act claims against Sompo in California (*see* Doc. 17 at 23-24), but that is of no concern because Sompo has expressed that it will consent to personal jurisdiction in California.

JMA Ventures's assertion of new statutory claims in the Montana action does not render the issues in the two cases materially different. *See Kohn*, 787 F.3d at 1240; *see also Agri-systems*, 2020 WL 6781685, at *2-3. In *Agri-systems*, this Court determined that the similarity of the issues factor was satisfied when both actions concerned the same coverage determination and would require interpretation of the same insurance policies. *Id.* at *3. Such is the case here. If this Court were to find that JMA Ventures's additional Unfair Trade Practices Act claims defeated the substantial similarity of the issues requirement, it would allow JMA Ventures to circumvent the first-to-file rule simply by adding more theories of relief to the second-filed action.

JMA Ventures also argues that the claims Endurance added in its amended California complaint, for reimbursement, rescission, and reformation, cannot properly be maintained in that action and therefore do not cure the differences between the two cases. (Doc. 17 at 27-28). This Court need not and does not determine whether the additional theories brought in the amended California complaint can be maintained in the California action. Nor does the Court need to decide whether the original or amended complaint is the proper point of comparison, because the issues substantially overlap under either pleading. Measured against either the original or the amended California complaint, both actions turn on whether the two policies cover the Zinne claim. The first-to-file inquiry asks merely whether the issues

characterizing the actions substantially overlap, not whether the first-filed action will resolve every claim asserted in the second-filed action. *Kohn*, 787 F.3d at 1240-41.

Accordingly, although JMA Ventures's Montana complaint contains additional claims and theories that are not present in Endurance's first-filed California complaint, this Court finds the issues in both actions are substantially similar. Both actions involve the same two insurance policies, the same underlying events, and the parties' rights and obligations with respect to the insurance claim stemming from Jeffrey Zinne's death. The Court concludes that the issues are substantially similar such that it should apply the first-to-file rule.

**D. Equitable Exceptions to the First-to-File Rule**

This Court can depart from the first-to-file rule—even if all three of the above-discussed factors are satisfied—for "reasons of equity," such as situations involving bad faith, anticipatory suit, or forum shopping. *Alltrade*, 946 F.2d at 628. A district court should not, however, make the decision to refrain from applying the first-to-file rule lightly. *Kohn*, 787 F.3d at 1239; *see also Agri-systems*, 2020 WL 6781685, at *4; *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998); *Chowning v. Kohl's Dep't Stores, Inc.*, No. 15-CV-1624 JAH, 2015 WL 13187290, at *2 (S.D. Cal. Nov. 4, 2015).

**1. Anticipatory suit**

JMA Ventures has failed to show that Endurance filed an anticipatory suit that would justify a departure from the first-to-file rule. A suit is "anticipatory" when a plaintiff files it upon receipt of "specific, concrete indications that a suit by the defendant is imminent." *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014). Applying that test, the record does not indicate that Endurance filed in response to a signal that JMA Ventures was about to sue it. JMA Ventures does not point to a demand letter, threat of litigation, draft complaint, or any other communication to Endurance stating that it would sue Endurance, and Endurance states that none was sent. (Doc. 20 at 15). JMA Ventures points to Zinne's draft complaint (Docs. 17-1 ¶20; 17-5), but all that shows is that Endurance knew Zinne might sue JMA Ventures, not that JMA Ventures was about to sue Endurance. The same goes for JMA Ventures's claim that Endurance had been aware of the underlying Zinne claim for over a year prior to mediation. (Doc. 17 at 30). All that shows is that Endurance knew that a coverage dispute existed, not that a suit was "imminent." The fact that litigation follows settlement negotiations or mediation does not mean that the resulting action was anticipatory. *See Bryant v. Oxxford Exp., Inc.*, 181 F. Supp. 2d 1045, 1048-49 (C.D. Cal. 2000); *see also Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715-SC, 2012 WL 3757486, at *12 (N.D. Cal. July 5, 2012).

**2. Bad faith/forum shopping**

JMA Ventures argues that Endurance filed the California action on the same day the parties were participating in a mediation concerning the underlying dispute and that Endurance did so without notifying JMA Ventures of its intent to file that lawsuit. (Doc. 17 at 30-31). Nothing required Endurance to give JMA Ventures advance notice of its intent to file suit, and the absence of such notice does not by itself suggest bad faith. And there is no evidence that Endurance acted deceptively to file its suit first. Nor does Endurance's choice of forum suggest forum shopping. JMA Ventures has its principal place of business in California. (Doc. 17-1 ¶2). Endurance issued the insurance policies there. (Doc. 17 at 34). As a California entity, JMA Ventures is subject to suit in California. There is a close connection between the parties' dispute and California. As such, Endurance reasonably filed suit in California. A party's filing of a lawsuit in a forum of its choice does not demonstrate bad faith or improper forum shopping. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990).

Additional facts also suggest that Endurance was not engaging in bad faith. Endurance attended the March 10, 2026, mediation (Docs. 1 ¶¶34-35; 17 at 17), accepted the tender of defense of JMA Ventures (Docs. 10 at 13; 17-3 at 2), and agreed to fund part of the Zinne settlement (Docs. 17-1 ¶19; 17-4 at 2) under a reservation of rights it had disclosed to JMA Ventures on March 5, 2026. (Docs. 1 ¶33; 17-1 ¶15;

17-3 at 2). The record also does not contain anything suggesting that Endurance made a specific representation or commitment that it would refrain from filing a lawsuit, nor does it show that Endurance's filing of the California action constituted a violation of any agreement between the parties. The record reflects that Endurance acted within its rights throughout its dealings with JMA Ventures, and that JMA Ventures has not shown that Endurance engaged in the sort of bad faith that would warrant departing from the first-to-file rule.

JMA Ventures's focus on the facts that the underlying events occurred in Montana and that Montana might have a substantial connection to the dispute likewise does not show bad faith on the part of Endurance. These qualities of the dispute may well be relevant to the convenience or appropriateness of the Northern District of California as a forum compared to the District of Montana, but that is exactly the kind of issue that "should be addressed to the court in the first-filed action." *Alltrade*, 946 F.2d at 628. That the underlying events occurred in Montana may bear on which forum is more convenient, but that question belongs to the Northern District of California, not this Court.

The Court concludes that the record does not reflect that the action filed in the Northern District of California was anticipatory in nature, filed in bad faith, or constituted impermissible forum shopping justifying a departure from the first-to-file

rule. Because no exception applies, the Court will not exercise its discretion to depart from the first-to-file rule.

**E. Remedy**

Having concluded that the rule applies, the Court must consider whether it should dismiss, transfer, or stay the action. *Cedars-Sinai Med. Ctr.*, 125 F.3d at 769. While this choice is discretionary, the Ninth Circuit has explained that when the first-filed action "presents a likelihood of dismissal," the second-filed action should be stayed instead of dismissed. *Alltrade*, 946 F.2d at 629. Courts in this Circuit have recognized that a stay is the appropriate remedy where there are concerns regarding available remedies or jurisdiction in the first-filed action, or "if that court is preparing to transfer its matter to the court of second filing." *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1020 (N.D. Cal. 2020); *see also Moyer v. Cellura*, No. 23-CV-03004-SVK, 2023 WL 6959277, at *4-5 (N.D. Cal. Oct. 19, 2023).

Dismissal is not appropriate here. JMA Ventures has moved in the Northern District of California both to dismiss the California action and to transfer it to this District. *Endurance Am. Specialty Ins. Co. v. JMA Ventures*, No. 4:26-cv-02074-YGR (N.D. Cal. filed Mar. 10, 2026), ECF Nos. 26 (motion to transfer), 27 (motion to dismiss). Until those motions are resolved, there is a real possibility the first-filed action will not proceed in California, and dismissing this action in the interim would risk leaving JMA Ventures without a forum. *See Alltrade*, 946 F.2d at 629. In

addition, JMA Ventures's concern about Sompo not being subject to personal jurisdiction in California cautions against dismissal. *See Molander*, 473 F. Supp. 3d at 1020; *see also Moyer*, 2023 WL 6959277, at *4-5. Endurance has represented that Sompo will consent to jurisdiction in the Northern District of California, (Doc. 20 at 11-12), and the Court relies on that representation. Should Sompo contest jurisdiction in that court, JMA Ventures may move to lift the stay, and this Court can revisit the appropriate disposition of this action at that time.

Transfer is also not appropriate at this time. There is a pending motion to transfer in the Northern District of California, and that court should have the opportunity to resolve that motion. *See Alltrade*, 946 F.2d at 628. If this Court transferred the action to the Northern District of California, and the Northern District of California transferred its own action here, the parties would face the kind of procedural inefficiency the rule is designed to prevent. A stay allows the Northern District of California to decide the forum question first, including the convenience arguments that *Alltrade* directs to the first-filed court. *See id.* If the California action is transferred to this Court, then this Court may consider consolidating the actions. And if the action is not transferred, then this Court can determine whether transfer or dismissal is appropriate at that time. For these reasons, the Court will stay this action pending the Northern District of California's resolution of JMA Ventures's motions to dismiss and transfer.

## IV. Conclusion

Because all three of the first-to-file rule requirements are satisfied, and because no equitable exceptions warranting departure from the rule apply, IT IS HEREBY ORDERED that Insurer Defendants' Motion to Dismiss, Transfer, or Stay (Doc. 9) is **GRANTED** to the extent it seeks a stay; the requests for dismissal and transfer are **DENIED** without prejudice.

This action, including all claims against Defendant Zinne, is **STAYED** pending resolution of the motion to transfer and of the motion to dismiss in the Northern District of California.

The time for JMA Ventures to serve Defendant Zinne under Federal Rule of Civil Procedure 4(m) is extended to thirty days after the stay is lifted.

The parties are directed to file a joint status report within fourteen days of the Northern District of California's ruling on those two motions. The joint status report shall also state whether JMA Ventures intends to serve Defendant Zinne or will voluntarily dismiss the claims against her. Any party may move to lift the stay should circumstances warrant.

IT IS SO ORDERED.

DATED this 27th day of October, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Judge